■ MEAGAN CABALES et al., Appellants, v LITTLE LEAGUE OF THE ISLIPS, INC., et al., Respondents, et al., Defendants. [738 NYS2d 83] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated November 27, 2000, as granted those branches of the separate motions of the defendants Little League of the Islips, Inc., and Roy Rowsell, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The infant plaintiff, Meagan Cabales, was injured on property owned by the defendants Daniel Callery and Kathleen Callery during a party held to celebrate the success of her softball team. Meagan and her teammates were attempting to throw their coach, the defendant Scott Conover, into the pool when he allegedly caused her to fall on the cement pool edge. The infant plaintiff's father, Michael Cabales, commenced this action against Roy Rowsell, who managed the softball team and was a guest at the party, the Little League of the Islips, Inc. (hereinafter the Little League), Conover, Daniel Callery, who was also a member of the Board of Directors of the Little League, and Kathleen Callery. The Supreme Court properly granted the motions by Rowsell and the Little League for summary judgment dismissing the complaint insofar as asserted against them.

As a general rule, liability for a dangerous condition on property is predicated upon ownership, occupancy, control, or special use (see, Millman v Citibank, 216 AD2d 278). Rowsell was merely a guest on the premises, and he was under no duty to the injured plaintiff to control the conduct of other guests on property he did not own (cf., D'Amico v Christie, 71 NY2d 76).

Liability may not be imposed on the Little League on the theory that codefendants, a manager, coach, and member of its Board of Directors, had apparent authority to act on its behalf. There is no evidence that the Little League, through its conduct, misled the plaintiffs as to the codefendants' authority to host the party on its behalf or as to its sponsorship of the party (see, Hallock v State of New York, 64 NY2d 224, 231; Ford v Unity Hosp., 32 NY2d 464, 472-473). Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.