ALBERTO LIVICHUSCA, Respondent, v M & T MORTGAGE Co., Appellant, et al., Defendant. [854 NYS2d 226]—

In March 2001 the plaintiff acquired the premises known as 3152 Fulton Street in Brooklyn. Between January 23, 2003 and March 9, 2005, the appellant owned the adjoining parcel of real property known as 3154 Fulton Street.

On April 18, 2006 the plaintiff commenced this action against, among others, the appellant, alleging a negligence cause of action for damage to property. The plaintiff's complaint alleged that "commencing in 2001 and continuing thereafter," the owners of the building located at 3154 Fulton Street, including the appellant, failed to clean the gutters which caused an accumulation of ice and water on the roof to ultimately run off into the plaintiff's basement, causing property damage.

The appellant moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (5) and (7) on the grounds that the complaint was time-barred and failed to state a cause of action. The appellant contended that the property damage claim against it accrued in 2001 when the water damage commenced. The plaintiff cross-moved pursuant to CPLR 3025 (b) for leave to amend the complaint. The proposed amended complaint included allegations that the appellant failed to maintain the gutters at 3154 Fulton Street in December 2004, that the appellant violated Administrative Code of the City of New York § 27-2027, and that melting snow and ice from the appellant's building ran off into the plaintiff's basement causing damage. The Supreme Court denied the appellant's motion and granted the plaintiff's cross motion. We affirm.

The appellant did not own the building at 3154 Fulton Street in 2001. Any duty of the appellant to maintain the building must be predicated upon the appellant's ownership, occupancy, control, or special use of the property (see *Cabales v Little League of Islips,* 292 AD2d 329 [2002]). Therefore, no cause of action for negligence could have accrued in favor of the plaintiff against the appellant in 2001 because the appellant did not owe

the plaintiff any duty of care at that time (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]). The plaintiff's action, to the extent it seeks to recover for property damage which occurred in 2004 during the appellant's ownership of the building, was timely commenced (*see* CPLR 214 [4]).

The Supreme Court properly exercised its discretion in granting the plaintiff leave to amend the complaint (*see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523 [2005]). The proposed amended complaint sufficiently stated a cause of action sounding in common-law negligence, causing property damage. Additionally, a violation of Administrative Code § 27-2027 may be considered by the trier of fact as some evidence of negligence by the appellant and in support of the plaintiff's common-law negligence cause of action to recover for damage to property (*see White v Jeffco W. Props.,* 304 AD2d 824 [2003]).

The appellant's remaining contentions are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.