ROSLYN UNION FREE SCHOOL DISTRICT, Appellant, v MICHAEL BARKAN et al., Defendants, and CAROL MARGARITIS, Respondent. [896 NYS2d 406]—

In an action, inter alia, to recover damages for breach of fiduciary duty and negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated March 27, 2008, which granted the motion of the defendant Carol Margaritis pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

This action was commenced in April 2005 by the plaintiff, Roslyn Union Free School District (hereinafter the District), against former members of its Board of Education (hereinafter the Board), including the respondent, Carol Margaritis, based on the members' failure to detect the theft of $11,000,000 in District funds by District employees. In its complaint, the District asserted six causes of action: breach of fiduciary duty, negligence, declaratory judgment, accounting, unjust enrichment, and constructive trust. Margaritis, who served on the Board from July 2000 to June 2001, moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against her. The Supreme Court granted Margaritis's motion and the District appeals. We affirm.

The District's breach of fiduciary duty cause of action, which

seeks money damages, and its negligence cause of action, are time-barred by the three-year statute of limitations set forth in CPLR 214 (4) (*see Livichusca v M & T Mtge. Co.*, 49 AD3d 822, 823-824 [2008]; *Weiss v TD Waterhouse*, 45 AD3d 763, 764 [2007]; *Nathanson v Nathanson*, 20 AD3d 403, 404 [2005]; *Kaufman v Cohen*, 307 AD2d 113, 118 [2003]; *Brooklyn Union Gas Co. v Hunter Turbo Corp.*, 241 AD2d 505 [1997]). The District's declaratory judgment cause of action also must be dismissed insofar as asserted against Margaritis. Since this cause of action is based on the time-barred breach of fiduciary duty and negligence causes of action, the judgment sought by the District would serve no purpose (*see Walsh v Andorn*, 33 NY2d 503, 507-508 [1974]).

The District's accounting, unjust enrichment, and constructive trust causes of action must be dismissed insofar as asserted against Margaritis for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Each of these causes of action require a plaintiff to set forth, inter alia, that the defendant possessed property or assets of the plaintiff (*see Cruz v McAneney*, 31 AD3d 54, 59 [2006]; *Matter of Kummer*, 93 AD2d 135, 163 [1983]). Accepting the allegations in the complaint as true, and according the District the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the District failed to state a cause of action for an accounting, unjust enrichment, or a constructive trust, as the complaint is bereft of any allegation that Margaritis possessed any property or asset of the District.

The District's remaining contentions are without merit. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.