[950 NE2d 85, 926 NYS2d 349]

Roslyn Union Free School District, Appellant, v Michael Barkan et al., Defendants, and Carol Margaritis, Respondent.

Argued March 21, 2011; decided May 3, 2011

644

**POINTS OF COUNSEL**

*Farrell Fritz, P.C.*, Uniondale (*James M. Wicks, Kathryn C. Cole* and *Aaron E. Zerykier* of counsel), for appellant. I. The six-year statute of limitations is applicable to the Roslyn Union Free School District's claims for breach of fiduciary duty, negligence and declaratory judgment. (*People v Avilas, Inc.*, 29 AD3d 764; *Whitney Holdings, Ltd. v Givotovsky*, 988 F Supp 732; *Bassett v Fish*, 75 NY 303; *Van Tassell v Hill*, 285 App Div 584; *Matter of East Meadow Union Free School Dist. v New York State Div. of Human Rights*, 65 AD3d 1342; *Jericho Water Dist. v One Call Users Council, Inc.*, 10 NY3d 385; *Schoen v Board of Educ. of Cambridge Cent. School Dist. No. 10*, 274 App Div 682; *Sardanis v Sumitomo Corp.*, 279 AD2d 225; *Weingarten v Board of Educ. of City School Dist. of City of N.Y.*, 3 Misc 3d 418; *Toscano v Toscano*, 285 AD2d 590.) II. The Roslyn Union Free School District has sufficiently stated an accounting claim

against Carol Margaritis. (*Pelkey v Pelkey,* 236 App Div 55; *Cruz v McAneney,* 31 AD3d 54; *Matter of Kummer,* 93 AD2d 135; *Matter of Rothko,* 43 NY2d 305; *Amherst Magnetic Imaging Assoc. v Community Blue, HMO of Blue Cross of W. N.Y.,* 239 AD2d 892.)

*Spellman Rice Schure Gibbons McDonough & Polizzi, LLP,* Garden City (*John P. Gibbons, Jr.,* and *Peter S. Trentacoste* of counsel), for respondent. I. The first cause of action in the complaint for breach of fiduciary duty was correctly dismissed as time-barred. (*Nathanson v Nathanson,* 20 AD3d 403; *Klein v Gutman,* 12 AD3d 417; *Carlingford Ctr. Point Assoc. v MR Realty Assoc.,* 4 AD3d 179; *Tatko v Sheldon Slate Prods. Co.,* 2 AD3d 1030; *Kaufman v Cohen,* 307 AD2d 113; *Matter of Kaszirer v Kaszirer,* 286 AD2d 598.) II. The second cause of action in the complaint for common-law negligence was correctly dismissed as time-barred. (*Mauro v Niemann Agency,* 303 AD2d 468.) III. The third cause of action in the complaint for a declaratory judgment was correctly dismissed. (*Walsh v Andorn,* 33 NY2d 503; *Board of Coop. Educ. Servs., Nassau County v Goldin,* 38 AD2d 267; *Solnick v Whalen,* 49 NY2d 224.) IV. The fourth cause of action in the complaint against Carol Margaritis for an accounting was correctly dismissed. (*Chalasani v State Bank of India, N.Y. Branch,* 235 AD2d 449; *Matter of Kummer,* 93 AD2d 135; *Raymond v Brimberg,* 99 AD2d 988; *IMG Fragrance Brands, LLC v Houbigant, Inc.,* 679 F Supp 2d 395; *Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.],* 143 AD2d 726.) V. The six-year statutes of limitations set forth in CPLR 213 (5) and (7) are not applicable. (*Toscano v Toscano,* 285 AD2d 590; *Sardanis v Sumitomo Corp.,* 279 AD2d 225; *Rupert v Tigue,* 259 AD2d 946; *Whitney Holdings, Ltd. v Givotovsky,* 988 F Supp 732; *Westchester Religious Inst. v Kamerman,* 262 AD2d 131; *Spitzer v Schussel,* 7 Misc 3d 171; *Nathanson v Nathanson,* 20 AD3d 403; *State of New York v Seventh Regiment Fund,* 98 NY2d 249; *Woods v Rondout Val. Cent. School Dist. Bd. of Educ.,* 466 F3d 232.)

**OPINION OF THE COURT**

GRAFFEO, J.

In this case, we are asked whether a three- or six-year statute of limitations applies to causes of action for negligence and breach of fiduciary duty by a school district against a former member of the school board. We hold that the six-year limitations period in CPLR 213 (7) is applicable and, therefore, this action was timely commenced.

## I

In September 2002, an accounting firm hired by plaintiff Roslyn Union Free School District discovered irregularities in the district's financial records. An audit revealed that Pamela Gluckin, the assistant superintendent for business, had stolen $223,000 from district accounts. The Roslyn Union Free School District Board of Education (the Board) was notified of Gluckin's misconduct and it decided to allow Gluckin to repay the misappropriated funds (along with attorney's fees and accounting costs) and retire. The Board, however, did not notify law enforcement authorities or state officials about Gluckin's criminal activities, nor did it publicly disclose her illegal conduct.

Unfortunately, the theft by Gluckin turned out to be just one component of a long-running conspiracy to loot the school district's coffers. After Gluckin left her post, information about additional missing funds surfaced and eventually a criminal investigation was undertaken by the Nassau County District Attorney's Office. In June 2004, Gluckin was arrested for grand larceny in the first degree for stealing more than $1 million from the school district. The investigation also implicated the school district's superintendent (Frank Tassone) and an account clerk (Deborah Rigano, who was Gluckin's niece), and they too were arrested for grand larceny. An extensive forensic audit by the State Comptroller determined that, from 1998 through 2004, approximately $11 million had been misappropriated: Gluckin had stolen over $4.6 million; Tassone had taken more than $2.4 million; and Rigano had received about $300,000.[1] In total, various sums had been funneled to more than two dozen people.[2]

In addition to the criminal prosecutions that emerged from these investigations, the school district initiated a lawsuit against former and current members of the Board for their allegedly lax management during the years the funds disappeared and their attempt to keep these illegal activities under wraps. The action was commenced in April 2005 under several theories

---

**1.** Gluckin and Rigano were convicted of second-degree grand larceny and sentenced to prison terms of 3 to 9 years and 2 to 6 years, respectively. Tassone received a 4-to-12-year sentence after being convicted of grand larceny in the first degree.

**2.** *See* Office of the New York State Comptroller, Division of Local Government Services & Economic Development, *Roslyn Union Free School District, Anatomy of a Scandal, Report of Examination,* at 54 (2005), available at http://www.osc.state.ny.us/localgov/audits/2005/schools/roslyn2.pdf.

of liability, including causes of action for breach of fiduciary duty and common-law negligence based on the Board's failure to identify and prevent the ongoing thievery or take further investigatory action after Gluckin's misappropriations were first discovered.[3] The complaint also asserted that the Board members should have implemented internal financial control policies and procedures to ensure reliable oversight and protection of the school district's assets.[4]

Defendant Carol Margaritis was a member of the Board for approximately one year, beginning in 2000. Her departure from the Board occurred before Gluckin's criminal activities came to light. There are no allegations that Margaritis knew about the ongoing illegal scheme, benefitted from the theft of the school district's funds or received any portion of the stolen monies. Margaritis also did not participate in the Board's decision not to reveal Gluckin's initial thievery. Margaritis was, however, a member of the Board during a time period that funds were being stolen by school district employees.

Margaritis moved to dismiss the complaint against her, arguing that the causes of action were time-barred because the school district's claims were subject to the three-year statute of limitations in CPLR 214 (4) and the complaint was filed more than three years after she ceased being a school board member. The school district countered that CPLR 213 (7) provided a six-year statute of limitations since the school district is, by definition, a municipal corporation that may sue a former board member to recover damages. Supreme Court agreed with Margaritis and dismissed the claims against her (2008 NY Slip Op 33625[U]). The Appellate Division affirmed, reasoning that the three-year period set forth in CPLR 214 (4) was applicable (71

---

**3.** In addition to breach of fiduciary duty and negligence, the complaint includes causes of action for declaratory judgment, accounting, unjust enrichment and constructive trust (the latter two claims have been abandoned by the school district).

**4.** In a separate but related action, Supreme Court, Nassau County, explained in its decision that the school district had several insurance policies that may have provided coverage for a portion of its losses (*see Rosyln Union Free School Dist. v Jaspan Schlesinger Hoffman LLP*, 2006 NY Slip Op 30632[U] [Sup Ct, Nassau County, July 7, 2006, Davis, J., index No. 17083/05]). Apparently, the insurers had disclaimed coverage because the Board had not timely informed them about Gluckin's activities after her misconduct was discovered (*see id.*). The Board's alleged failure to promptly notify the insurance carriers and the school district's corresponding lost opportunity to pursue insurance claims are among the underlying liability issues in the appeal before us.

AD3d 660 [2d Dept 2010]). We granted leave to appeal (15 NY3d 702 [2010]) and now conclude that the causes of action for breach of fiduciary duty, negligence and declaratory judgment should be reinstated as timely.

## II

This is an unusual case because it is rare for school districts to engage in litigation against the individuals who voluntarily seek election to serve on school boards. Such public service is commendable and a vital component of our State's legal and moral duty to educate its children. The filing of a lawsuit by a school district against the members of its school board is certainly a disincentive for attracting qualified candidates to perform this important civic function. Here, apparently, the school district responded to a particularly egregious set of facts involving severe financial mismanagement—over $11 million was stolen from taxpayers in a criminal conspiracy operated by two high-ranking school district employees and certain members of the Board were allegedly complicit because they may have breached the duties that were entrusted to them to protect the school district's assets. The question before us is not whether any Board members bear a degree of responsibility for these losses, but whether the case against defendant Margaritis was timely filed.

Causes of action that seek monetary damages for injury to property are generally subject to a three-year statute of limitations (see CPLR 214 [4]; *IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]). But CPLR 213 (7) extends the limitations period to six years for "an action by or on behalf of a corporation against a present or former . . . officer . . . to recover damages for waste or for an injury to property or for an accounting in conjunction therewith."[5] If the specific language of CPLR 213 (7) encompasses a particular claim, it supplants the general three-year rule of CPLR 214 (4). The issue here then distills to whether a school district is a "corporation"

---

**5.** An "injury to property" is broadly defined as "an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract" (General Construction Law § 25-b). Three of the causes of action at issue here are premised on an injury to property—the loss of the school district's funds: the claims for breach of fiduciary duty and negligence seek monetary damages as relief, and the claim for declaratory judgment is premised on the existence of a breach of fiduciary duty (see generally *Solnick v Whalen*, 49 NY2d 224, 229-230 [1980]). The fourth cause of action, for an accounting, is addressed in CPLR 213 (7).

within the meaning of CPLR 213 (7), thereby providing a six-year statute of limitations for covered claims. We hold that it is.

We begin our analysis with the General Construction Law, which supplies the definitions of certain statutory terms used to interpret the language and purpose of a statute (*see* General Construction Law § 110). This Court has previously relied on the General Construction Law when considering the applicability of a statute of limitations (*see Western Elec. Co. v Brenner*, 41 NY2d 291, 293 [1977]; *Empire Trust Co. v Heinze*, 242 NY 475, 478-479 [1926]) and we again find it appropriate to do so.

General Construction Law § 65 (a) (1) defines the term "corporation" as referring to, among other entities, a "public corporation." A "public corporation," in turn, includes a "municipal corporation" under General Construction Law § 65 (b) (1) and § 66 (1). And the term "municipal corporation," as defined in General Construction Law § 66 (2), expressly embraces a "school district." Because a school district is both a municipal corporation and a public corporation, it falls within the ambit of the term "corporation" in CPLR 213 (7).

Other provisions of state law recognize that school districts are corporations. The State Constitution, for example, describes a school district as a "public corporation" (NY Const, art X, § 5)—terminology identical to that appearing in General Construction Law § 65 (a) (1). Education Law § 1701 similarly denotes that the board of a union free school district is a "body corporate." Other statutes also refer to school districts as municipal corporations (*see* General Municipal Law § 119-n [a]; Public Officers Law § 10; RPTL 102 [10]). Furthermore, we have long observed that school districts are inherently corporate in nature (*see e.g. Greater Poughkeepsie Lib. Dist. v Town of Poughkeepsie*, 81 NY2d 574, 580-581 [1993]; *Bassett v Fish*, 75 NY 303, 311-312 [1878]). Utilizing a plain language analysis, school districts have been deemed corporations and, as such, they benefit from the limitations period that applies to certain corporate causes of action.[6]

Margaritis maintains that we should reject this definitional approach because, when the Legislature intends for a statute to apply to a school district, it has used the specific term "school

---

**6.** Under Executive Law § 63-c, the Attorney General is empowered to elect to sue on behalf of a school district to recover public property that has been misappropriated. Such an action is subject to a limitations period of six years (*see* CPLR 213 [5]).

district" in the statutory text. Margaritis points to Education Law § 3813, which imposes certain notice of claim requirements on actions brought "against any school district." This argument fails to appreciate the distinction between a narrowly drawn statute and a more general provision—such as CPLR 213 (7)—which was intended to apply in a myriad of different circumstances. Education Law § 3813 is a specific statute that sets forth the procedures for pursuing a claim against a school district as well as certain other educational entities. But it has no bearing on the statute of limitations governing when a school district may initiate a lawsuit. The Legislature could have enacted a statute that narrowly imposes time limitations for actions commenced by school districts against present or former board members, but it has not done so. In the absence of such a legislative directive, the appropriate limitations period must be determined by referring to the CPLR, which is general by design. Indeed, since the Legislature used the more general term, which it had defined to include "school district[s]" (General Construction Law § 66 [2]), it would have been redundant to separately list "school districts" in CPLR 213 (7), as Margaritis insists should have happened. Consequently, we cannot agree that school districts should be excluded from the purview of CPLR 213 (7).[7]

### III

It has been suggested that CPLR 213 (7) should not control here because that statute is restricted to equitable causes of action asserted by a corporation against its former officers or directors. This is not so. Equitable claims evoke nonmonetary relief, such as the issuance of an injunction, an accounting, or a remedy in the nature of specific performance or reformation of a contract (*see* Black's Law Dictionary 33 [9th ed]). But CPLR 213 (7) applies to all "action[s]," with no differentiation between legal and equitable claims. In fact, equitable causes of action are usually subject to a six-year statute of limitations by application of the "catch-all" provision in CPLR 213 (1) (*see*

---

7. Another contention proffered by Margaritis—that school board members are not "directors" covered by CPLR 213 (7)—is refuted by General Construction Law § 66 (15), which defines the term "director" to include "any member of the governing board of such corporation, whether designated as director, trustee, manager, governor, or by any other title, designated to manage the affairs of a corporation." A member of a school board is necessarily a member of the governing board of the school district, the entity responsible for managing the district.

Siegel, NY Prac § 36 [4th ed]), which suggests that there is no basis for limiting subdivision (7) to equitable claims. Furthermore, subdivision (7) employs the phrase "to recover damages"—the quintessential reference to nonequitable monetary relief. From its plain language, CPLR 213 (7) provides a corporation, such as a school district, with six years to assert both equitable and nonequitable causes of action against a former director, officer or shareholder.

The legislative history of CPLR 213 (7) further confirms that its reach covers nonequitable and equitable causes of action. The statute's lineage can be traced back to at least the early 1800s (*see* 2 Rev Stat of NY, part III, ch IV, tit 2, art 4, § 44, at 300 [1st ed 1829]), the Field Code (*see* L 1848, ch 379, § 89; L 1849, ch 438, § 109) and the Code of Remedial Justice (*see* L 1876, ch 448, chap IV, tit 2, § 394; *see generally Denman v McGuire*, 101 NY 161, 164 [1886]; Throop, Code of Civil Procedure, at xii [1877]). The limitations period was reduced from six to three years when the Code of Civil Procedure was adopted (*see* L 1877, ch 416, § 1, amending Code Civ Pro § 394) and that time limit was carried over when the Civil Practice Act became law (*see* L 1920, ch 925, enacting Civ Prac Act § 49 [4]).

Despite the shortened statute of limitations enacted in section 49 of the Civil Practice Act, this Court decided that a six-year statute of limitations applied to causes of action to recover for an injury to corporate property caused by negligence and that a 10-year period applied to equitable claims (*see Potter v Walker*, 276 NY 15, 26-27 [1937]). After *Potter*, New York courts began to apply various limitations periods—3, 6 or 10 years (*see* NY Law Rev Commn, Acts, Recommendations and Study relating to the Statute of Limitations, Bill Jacket, L 1942, ch 851, at 29, 34)—depending on the theory of liability asserted, the relative culpability of the alleged wrongdoer and the nature of the corporation (*see e.g. Dunlop's Sons, Inc. v Spurr*, 285 NY 333, 336 [1941]; *Mencher v Richards*, 283 NY 176, 182 [1940]). In fact, all three periods were examined in some cases (*see e.g. Coane v American Distilling Co.*, 298 NY 197, 207 [1948]). Needless to say, this situation caused much confusion (*see* Mem of Assn of Bar of City of NY Comm on State Legislation; Letter of Assn of Bar of City of NY, Comm on Law Reform; Mem from Counsel to the Governor, Bill Jacket, L 1942, ch 851, at 14, 57, 80-82).

The Legislature responded in 1942 by enacting Civil Practice Act § 48 (8) (*see* L 1942, ch 851, § 1). It resurrected the six-year rule as the general statute of limitations for corporate actions against directors, officers or shareholders. Notably, the statute also abrogated the distinction between legal and equitable claims by applying the six-year period to all "legal or equitable" actions by a corporation against an officer for an accounting or fraud "or to recover a penalty or forfeiture imposed or to enforce a liability created by common law or by statute" (Civ Prac Act § 48 [8]). But actions "to recover damages for waste or for an injury to property or for an accounting in connection therewith" were excluded from the six-year limitations period—a three-year statute of limitations applied to these types of claims (*see id.*).

Eventually, in 1962, the Legislature eliminated this distinction, making the six-year limitations period "applicable to *all* actions against a director, officer, or stockholder of a corporation" (Sixth Report to the Legislature by the Senate Finance Committee relative to the Revision of the Civil Practice Act, 1962 NY Legis Doc No. 8, at 91 [emphasis added]; *see* Bill Jacket, L 1962, ch 308, at 552, 617; Advisory Committee Notes, NY CLS, Book 4A, Part 1, CPLR 213, at 334). This new provision was codified as CPLR 213 (8) (*see* L 1962, ch 308) and read as follows:

> "an action by or on behalf of a corporation against a present or former director, officer or stockholder for an accounting, or to procure a judgment on the ground of fraud, or to enforce a [liability], penalty or forfeiture, or to recover damages for waste or for an injury to property or for an accounting in conjunction therewith."[8]

Subdivision (8) was later renumbered as subdivision (7) (*see* L 1975, ch 43, § 2), but its substantive language has not been altered since the CPLR took effect. Hence, since 1963, section 213 has provided a uniform six-year statute of limitations for any action by a corporation against its present or former officers, directors or stockholders, whether seeking equitable or legal relief. Because CPLR 213 (7) has remained worded in this manner for almost five decades without any substantive restructuring, there is no merit to the assertion that the statute does not cover causes of action for money damages.

---

8. The statute was amended to correct a typographical error before the effective date of the CPLR (*see* L 1963, ch 532, § 5).

## IV

Based on the text of CPLR 213 (7), the applicable definitional provisions of the General Construction Law and the statute's underlying legislative history, we conclude that a six-year statute of limitations governs claims of this nature. As a result, the causes of action in this case for breach of fiduciary duty, common-law negligence, declaratory judgment and an accounting were timely commenced against defendant Margaritis.[9]

## V

■ Although the complaint here was not barred by the statute of limitations, we agree with the Appellate Division that the school district's allegations do not state a cognizable cause of action against Margaritis for an accounting. This equitable remedy is designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession (*see generally Ederer v Gursky*, 9 NY3d 514, 525 [2007]). As we have noted, there is no allegation that Margaritis received any of the stolen monies or possessed any relevant documentary proof that the district itself has not acquired. Since the State Comptroller was able to trace countless financial transactions in order to determine how the vast bulk of the stolen monies was used and the identity of the individuals who received the funds, there appears to be no need for an accounting against this individual. On these facts, this cause of action should be dismissed.

Accordingly, the order of the Appellate Division should be modified, without costs, by reinstating the causes of action for breach of fiduciary duty, common-law negligence and declaratory judgment as against defendant Margaritis, and, as so modified, affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order modified, etc.

---

**9.** Because we find the claims timely under CPLR 213 (7), it is unnecessary for us to address the school district's alternative argument premised on CPLR 213 (5).