*473 OPINION OF THE COURT
Francesca E. Connolly, J.
On August 8, 2013, the plaintiff Rye Police Association commenced this action against its former president, the defendant Timothy Chittenden. According to the complaint,[1] the plaintiff is a not-for-profit corporation that acts as the collective bargaining agent for police officers employed by the City of Rye, and engages in various charitable and fraternal activities. The defendant allegedly served as the plaintiffs president from January 1, 1994 to December 31, 2007, and as its treasurer from January 1, 2008 to December 28, 2009. During these time periods, the defendant was allegedly in sole and exclusive control of the plaintiffs financial records, and was the sole signatory on a bank account in its name. The plaintiff alleges that the defendant diverted funds for his own use in breach of his fiduciary duties, and seeks (1) an accounting for the years 2003 to 2009, and (2) damages for the conversion of the plaintiffs assets.
The defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) on the grounds that it is time-barred and fails to state a cause of action. The plaintiff opposes the motion.
The Action is Governed by a Six-Year Statute of Limitations
As an initial matter, the parties disagree as to the applicable statute of limitations. The defendant contends that, in essence, the action sounds in conversion and, thus, is governed by the three-year statute of limitations for damage to property set forth in CPLR 214 (4). The plaintiff contends that, since the action is brought by a not-for-profit corporation against a former officer and seeks to recover money damages and an accounting, the action is governed by the six-year statute of limitations set forth in CPLR 213 (7).
The court agrees with the plaintiff. CPLR 213 (7) provides for a six-year statute of limitations for any
“action by or on behalf of a corporation against a present or former director, officer or stockholder for an accounting, or to procure a judgment on the ground of fraud, or to enforce a liability, penalty or forfeiture, or to recover damages for waste or for an *474 injury to property or for an accounting in conjunction therewith.”
The first cause of action seeks an accounting, which is plainly enumerated as one of the causes of action governed by CPLR 213 (7), and is, therefore, governed by a six-year statute of limitations.
The second cause of action seeks damages for the conversion of assets. An action to recover damages for “conversion” is generally treated as an action for “injury to property,” which is governed by a three-year statute of limitations (see CPLR 214 [4]; see e.g. Collymore v Secretary of Hous. & Urban Dev., 22 AD3d 703, 703 [2d Dept 2005] [“The statute of limitations applicable to actions alleging conversion ... is three years”]). The term “injury to property” is defined as “an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract” (General Construction Law § 25-b; see Roslyn Union Free School Dist. v Barkan, 16 NY3d 643, 648 n 5, 649 [2011]).
However, CPLR 213 (7) explicitly states that it is applicable in actions “to recover damages for waste or for an injury to property” (emphasis added), albeit only actions by corporations against a present or former director, officer, or stockholder. Thus, the court can easily conclude that CPLR 213 (7), rather than CPLR 214 (4), applies in this case. A well-known maxim of statutory construction states: “A special statute which is in conflict with a general act covering the same subject matter controls the case and repeals the general statute insofar as the special act applies” (McKinney’s Cons Laws of NY, Book 1, Statutes § 397; see Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 86 AD3d 83, 92 [2d Dept 2011]). The legislative history of CPLR 213 (7), as detailed by the Court of Appeals in Roslyn Union Free School Dist. v Barkan (16 NY3d 643 [2011]), indicates that actions by corporations against their officers for fraud were previously governed by a six-year statute of limitations, but actions to recover damages for injury to property were confusingly governed by a three-year statute of limitations (see id. at 651-652). Accordingly, in 1962, CPLR 213 (7) (formerly codified under subdivision [8]) was amended to abolish this distinction and establish a six-year statute of limitations for “all actions” by a corporation against a director, officer, or stockholder (see id. at 652). Thus, since the action at bar is by a corporation against its former officer, the more specific statute of limitations set forth in CPLR 213 (7) controls over *475 the generally applicable statute of limitations set forth in CPLR 214 (4).
The First Cause of Action for an Accounting is Timely
An accounting is an “equitable remedy . . . designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession” (Roslyn Union Free School Dist. v Barkan, 16 NY3d at 653). “[A]fter the trust relation is at an end, and the trustee has yielded the estate to a successor, . . . [t]he running of the statute then begins, and only actual or intentional fraud will be effective to suspend it” (Spallholz v Sheldon, 216 NY 205, 209 [1915, Cardozo, J.] [citations omitted]; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195 [2008] [reaffirming that the rule from Spallholz v Sheldon applies to an action or proceeding to compel an accounting]). Here, the complaint alleges that the defendant served as the plaintiff’s officer from January 1, 1994 to December 28, 2009, and, during that time, he was the exclusive keeper of the plaintiffs financial records and the sole signatory on its bank account. Under these circumstances, the action is timely, as the six-year statute of limitations began to run on December 28, 2009, the date that the defendant allegedly yielded his fiduciary duties, and the action was commenced on August 8, 2013, less than four years later (cf. Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d at 201 [“In this case, Tydings turned over the trusteeship to a successor on January 1, 1997, and the accounting proceeding was brought more than six years later, on August 20, 2003. It was brought too late”]).
The Second Cause of Action Sounding in Conversion is Partially Time-Barred
“A cause of action for conversion accrues ‘when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court’ ” (see State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002], quoting Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 43 [1995]). Notably, the statute of limitations for an action sounding in conversion “runs from the date the conversion takes place and not from discovery or the exercise of diligence to discover” (Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d at 44). Here, the complaint appears to allege the conversion of funds from as early as January *476 1, 1994. The six-year statute of limitations specially applicable to this case (discussed in detail above) bars any recovery of converted funds more than six years prior to commencement of this action. Accordingly, so much of the second cause of action as seeks to recover damages for conversions that took place more than six years before the commencement of this action is dismissed.[2]
The Complaint States a Cause of Action
The defendant also contends that the complaint should be dismissed because it lacks specificity. However, “whenever there is a fiduciary relationship between the parties, as is the situation here, there is an absolute right to an accounting notwithstanding the existence of an adequate remedy at law” (see Koppel v Wien, Lane & Malkin, 125 AD2d 230, 234 [1st Dept 1986] [emphasis added]; see Di Terlizzi v Di Terlizzi, 92 AD2d 604, 606 [2d Dept 1983] [“Although a party may have a legal remedy, he or she is not precluded from seeking equitable relief by way of an accounting predicated upon the existence of a fiduciary relationship”]). Moreover, the court is satisfied that the complaint states a cause of action for conversion (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d at 44] [“Conversion is the ‘unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner’s rights’ ”], quoting Employers’ Fire Ins. Co. v Cotten, 245 NY 102, 105 [1927]). Accordingly, the branch of the defendant’s motion which is to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is denied.
*477 The Action is Not Precluded by Collateral Estoppel
Finally, the defendant contends that the action should not be permitted to proceed because the plaintiff had previously commenced an action for the same relief, which was allegedly dismissed because the plaintiff failed to file a note of issue. The only proof of dismissal submitted by the defendant is an eCourts printout indicating an appearance before a court attorney referee on December 27, 2011, which states “Failed to File NOI” and lists the appearance outcome as “Other Final Disp. PreNote” (defendant’s exhibit A). The scant proof submitted by the defendant fails to establish that the prior action was dismissed on the merits such that the instant action should be precluded (see Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership, 73 AD3d 1123, 1123-1124 [2d Dept 2010] [“the dismissal of the prior action was upon the plaintiff’s default, and thus did not constitute a determination on the merits”]; see also Kaufman v Eli Lilly & Co., 65 NY2d 449, 456 [1985] [“collateral estoppel effect will only be given to matters ‘actually litigated and determined’ in a prior action”]; cf. Board of Mgrs. of Windridge Condominiums One v Horn, 234 AD2d 249, 250 [2d Dept 1996] [dismissing counterclaims on the ground of res judicata because prior action had been dismissed “on the merits”]).
Based upon the foregoing, it is hereby ordered that the branch of defendant’s motion which is pursuant to CPLR 3211 (a) (5) is granted only to the extent of dismissing so much of the second cause of action sounding in conversion as is predicated on acts that occurred more than six years prior to the commencement of the action, and the motion is otherwise denied; and it is further ordered that the parties are directed to appear in the Preliminary Conference Part on March 10, 2014, at 9:30 a.m., in room 811 of the Westchester County Courthouse at 111 Dr. Martin Luther King, Jr. Boulevard, White Plains, New York 10601; and it is further ordered that all other relief requested and not decided herein is denied.

. The defendant’s moving papers fail to annex a copy of the complaint filed in this action, however, it is annexed to the defendant’s reply papers. The court will exercise its discretion to consider the complaint even though it was improperly submitted for the first time in reply.

. To avoid any misinterpretation of this ruling, this court’s holding that the conversion cause of action is partially time-barred should not be viewed as limiting the temporal scope of the plaintiffs cause of action for an accounting, which is timely in all respects (see Westchester Religious Inst. v Kamerman, 262 AD2d 131, 132 [1st Dept 1999] [“since the statutory period was tolled between the alleged fiduciary misconduct and August 29, 1990”—the last date that the defendants served as officers of the plaintiff not-for-profit corporation—“the alleged misconduct antedating August 29, 1990 falls within the permissible temporal scope of the accounting being sought”]; see also Golden Pac. Bancorp v Federal Deposit Ins. Corp., 273 F3d 509, 519 [2d Cir 2001] [“the statutory period (is) tolled between the alleged fiduciary misconduct and the date on which the fiduciary relationship is openly repudiated or otherwise ended, so that any misconduct alleged before that end date falls within the permissible temporal scope” (internal quotation marks omitted and emphasis added)]).