■ DOLLY BALLERAM, Appellant, v 11P, LLC, Respondent. [38 NYS3d 415]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered August 10, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's expert failed to identify any applicable statute or rule that requires a landowner to install a handrail or grab-bar in the bathroom of an apartment (*see Lunan v Mormile*, 290 AD2d 249 [1st Dept 2002]). Defendant did not breach its common-law duty of care by declining plaintiff's requests for a handrail, since the bathtub was in good working order and not alleged to be defective or hazardous for ordinary use (*Rivera v Nelson Realty, LLC*, 7 NY3d 530, 535 [2006]). Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA TES, Appellant. [38 NYS3d 414]—Judgment, Supreme Court, New York County (Larry Stephen, J.), rendered on or about February 19, 2014, unanimously affirmed.

Application by defendant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1st Dept 1976]). We have reviewed this record and agree with defendant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.