Weiss v Vacca (2023 NY Slip Op 04613)

Weiss v Vacca

2023 NY Slip Op 04613

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-05091
2021-09368
 (Index No. 507836/21)

[*1]Royanne Weiss, et al., respondents,
v
Laurent Vacca, et al., appellants.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Eric D. Suben of counsel), for appellants.
Sharova Law Firm, Brooklyn, NY (Charles W. Marino and Harold Kaufman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated July 13, 2021, and (2) an order of the same court dated December 9, 2021. The order dated July 13, 2021, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated December 9, 2021, denied the defendants' motion for leave to renew their motion pursuant to CPLR 3211(a) to dismiss the complaint and granted that branch of the plaintiffs' cross-motion which was for leave to enter a default judgment.
ORDERED that the appeal from the order dated December 9, 2021, is dismissed as academic in light of our determination on the appeal from the order dated July 13, 2021; and it is further,
ORDERED that the order dated July 13, 2021, is reversed, on the law, the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted, the order dated December 9, 2021, is vacated, and an order of the same court (Joy F. Campanelli, J.) dated July 27, 2022, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs commenced this action against the defendant Carter Hill, LLC (hereinafter the LLC), the owner of certain real property that was leased by the plaintiffs (hereinafter the premises), and the LLC's individual members, the defendants Laurent Vacca and Claire Vacca, inter alia, to recover damages arising out of injuries that the plaintiffs allege the plaintiff Royanne Weiss sustained when she slipped and fell in a shower on the premises. In an order dated July 13, 2021, the Supreme Court denied the defendants' pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint. The defendants appeal.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every [*2]possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
Here, the Supreme Court should have granted dismissal of the first cause of action, which alleged common-law negligence. Common-law negligence requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, and (3) proximate causation (see Mendez-Canales v Agnelli Macchine S.R.L., 165 AD3d 646, 648; Ingrassia v Lividikos, 54 AD3d 721, 724). Although a landowner has a duty to maintain his or her premises in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241; Pusey v Stark, 166 AD3d 918, 919), "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Smith v Dutchess Motor Lodge, 213 AD3d 881, 882 [internal quotation marks omitted]).
Here, the complaint alleged as defects that the shower floor was slippery and there were no grab bars in the shower stall where Royanne Weiss alleged she slipped and fell. However, there is no common-law or statutory requirement imposing a duty upon the defendants to provide nonslip surfacing or grab bars in a shower or shower stall (see e.g. Lunan v Mormile, 290 AD2d 249, 249). Nor is there a duty to install such devices where the shower and shower stall were not alleged to be defective or hazardous for ordinary use (see e.g. Balleram v 11P, LLC, 143 AD3d 432, 432). Accordingly, the Supreme Court should have granted dismissal of the cause of action alleging common-law negligence pursuant to CPLR 3211(a)(7).
The Supreme Court also should have granted dismissal of the second cause of action, which alleged gross negligence. The allegations in the complaint did not rise to the level of gross negligence, which differs in kind, not only degree, from claims of ordinary negligence (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823). The complaint did not allege conduct which smacks of intentional wrongdoing, evinces a reckless indifference to the rights of others (see Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C., 97 AD3d 716, 719), or demonstrates the failure to exercise even slight care or slight diligence (see Ryan v IM Kapco, Inc., 88 AD3d 682, 683). Moreover, since the court should have granted dismissal of the first and second causes of action, the court should have likewise granted dismissal of the ninth cause of action, which sought a declaratory judgment (see Roslyn Union Free School Dist. v Barkan, 71 AD3d 660, 661).
The Supreme Court also should have granted dismissal of the third and fourth causes of action, which both alleged breach of the warranty of habitability, since the complaint failed to allege that the shower and shower stall were not "fit for human habitation and for the uses reasonably intended by the parties," or that the plaintiffs were "subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety," within the meaning of Real Property Law § 235-b(1) (see Breytman v Olinville Realty, LLC, 54 AD3d 703, 704).
Likewise, since the plaintiffs alleged no facts supporting an inference of extreme and outrageous conduct, or an intent to cause or disregard a substantial likelihood of causing severe emotional distress, the Supreme Court should have granted dismissal of the fifth cause of action, which alleged intentional infliction of emotional distress (see Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710).
Since the sixth cause of action, which alleged negligent infliction of emotional distress, generally requires breach of a duty owed to the plaintiff which either (1) unreasonably endangers the plaintiff's physical safety or (2) causes the plaintiff to fear for his or her safety (see A.R. v City of New York, 206 AD3d 768, 770), and the plaintiffs failed to allege a breach of any duty that was owed by the defendants, the Supreme Court also should have granted dismissal of this cause of action (see Nachbar v Cornwall Yacht Club, 160 AD3d 972, 973). Moreover, to the extent that the sixth cause of action alleged negligent infliction of emotional distress on behalf of the plaintiff Eugene Weiss, dismissal was warranted on the ground that there was no allegation that he was in the zone of danger when Royanne Weiss allegedly was injured such that he himself was exposed to an unreasonable risk of bodily injury or death (see Bovsun v Sanperi, 61 NY2d 219, 230-231; Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 929, 932).
Since the plaintiffs failed to allege any breach of a duty that the LLC owed to them, the Supreme Court should have granted dismissal of the seventh cause of action, which alleged alter-ego liability and sought to pierce the corporate veil of the LLC to establish liability against the individual defendants (see Limited Liability Company Law § 609[a]; Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 682-683).
The Supreme Court also should have granted dismissal of the eighth cause of action, which alleged loss of consortium on behalf of Eugene Weiss. Since a loss of consortium cause of action is derivative in nature, the dismissal of the primary causes of action mandates dismissal of this derivative cause of action as well (see McHale v Metropolitan Life Ins. Co., 165 AD3d 914, 917).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court