■ POLISH AMERICAN RESOURCE CORPORATION, Appellant-Respondent, v JAN A. BYRCZEK, Respondent-Appellant. [704 NYS2d 249] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 22, 1999, which directed defendant, the president of plaintiff corporation, to give an accounting of certain of plaintiff's assets, and preliminarily enjoined defendant from disposing of certain shares of stock in another corporation, unanimously modified, on the law and the facts, to vacate the preliminary injunction, effective 90 days from the date of this order, to allow plaintiff to apply for an attachment, if so advised, and otherwise affirmed, without costs.

Defendant was properly directed to account for certain corporate checks he signed with illegible memo sections, certain corporate checks written to his order, and certain cash machine withdrawals from a corporate account. All those transactions occurred during his tenure as plaintiff's president, during which the corporate records that defendant kept were poor and effectively precluded plaintiff, at trial, from establishing its common-law claims for misappropriation of corporate funds and conversion of corporate assets. "All of the company funds were in effect entrusted to [defendant] and the [other] directors, and they were fiduciaries of the company with regard to their disbursement." (*Sorin v Shahmoon Indus.*, 30 Misc 2d 408, 423.) While defendant claims that he did not personally make the cash withdrawals and therefore cannot account for them, all "obscurities and doubt" created by the failure to keep clear and accurate records are to be resolved against him (*White v Rankin*, 18 App Div 293, 295, *affd* 162 NY 622). However, it was error to grant injunctive relief preventing defendant from disposing of personally owned stock that has no apparent relationship to the action on the ground that otherwise a likely judgment in favor of plaintiff will be uncollectible. An attachment, not an injunction, is the appropriate remedy for securing a potential judgment with property that is not the subject of the action (*see*, Siegel, NY Prac § 327, at 498 [3d ed]; *compare, First Natl. Bank v Highland Hardwoods*, 98 AD2d 924, 926, *with Sau Thi Ma v Xuan T. Lien*, 198 AD2d 186, *lv dismissed*

83 NY2d 847). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.