Ull v Royal Car Park LLC (2020 NY Slip Op 00224)





Ull v Royal Car Park LLC


2020 NY Slip Op 00224


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10756 654541/17

[*1] Wendy Ull, as Trustee of the Jeffrey Ull 2009 Management Trust, Plaintiff-Appellant,
v
Royal Car Park LLC, et al., Defendants-Respondents.


DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Peter S. Dawson of counsel), for appellant.
Smith Gambrell & Russell, LLP, New York (Donald Rosenthal of counsel), for Royal Car Park LLC, Fiesta Car Park LLC, Sharp Car Park LLC, Paramount Car Park LLC, Sunny Car Park LLC, Crest Car Park LLC, Chelsea Car Park LLC, Noble Car Park LLC, Richard Ull and Jennifer Ull, respondents.
Rosenberg Calica & Birney LLP, Garden City (John S. Ciulla of counsel), for Jeffrey Ull, respondent.



Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about September 26, 2018, which granted defendants' motions for summary judgment dismissing the complaint in its entirety pursuant to CPLR 3212, unanimously modified, on the law, to deny the motion as the claim for an accounting against defendants Richard Ull and Jennifer Ull, and otherwise affirmed, without costs.
Plaintiff claims that distributions from the defendant LLCs were required to be paid in one-third shares to her children, defendants Richard Ull and Jennifer Ull, and to the Jeffrey Ull 2009 Management Trust (Trust), of which her third child, defendant Jeffrey Ull, was the beneficiary, and that instead, Richard and Jennifer, who manage the LLCs, diverted distributions from the Trust in order to pay Jeffrey directly or to pay other individuals on his behalf.
The court properly granted summary judgment dismissing the claim of breach of fiduciary duty against defendants Richard and Jennifer. They established prima facie entitlement to summary judgment by submitting evidence that distributions paid to the Trust were comparable to those paid to Richard and Jennifer, that certain nonequal distributions were made to account for repayment of loans made by Jennifer and the Trust, and that other characterizations of income or funds were based on their accountant's advice and tax concerns. They also averred that Jeffrey did not receive any payments, directly or through other individuals. The business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (Auerbach v Bennett, 47 NY2d 619, 629 [1979]). In seeking to rebut defendants' prima facie case, and to overcome the business judgment rule, plaintiff cited certain discrepancies in the financial documents, but those, without more, did not raise any triable issue whether Richard or Jennifer acted in bad faith and/or diverted funds from the Trust to Jeffrey directly or to others on his behalf.
In light of the foregoing, the claim against Jeffrey for aiding and abetting breach of fiduciary duty also was properly dismissed (Kaufman v Cohen, 307 AD2d 113, 125 [1st Dept 2003]), as was the claim of conversion against all defendants (Lemle v Lemle, 92 AD3d 494, 497 [1st Dept 2012]; see Thyroff v Nationwide Mut. Ins. Co., 8 NY3d 283, 288-289 [2007]).
The court also properly dismissed the accounting cause of action against Jeffrey. There is no evidence that Jeffrey, who did not manage the LLCs, has any fiduciary relationship to plaintiff [*2](Saunders v AOL Time Warner, Inc., 18 AD3d 216, 217 [1st Dept 2005]; see Unitel Telecard Distrib. Corp. v Nunez, 90 AD3d 568, 569 [1st Dept 2011]). Regarding Richard and Jennifer, they owe the Trust fiduciary obligations and consequently, the Trust has a right to an accounting. The trustee need not show that she does not have an adequate remedy at law (see Mullin v WL Ross & Co. LLC, 173 AD3d 520 [1st Dept 2019]
Finally, the court properly concluded that there was no basis to deny summary judgment on the ground that discovery was not complete (CPLR 3212[f]; Frierson v Concourse Plaza Assoc., 189 AD2d 609, 610 [1st Dept 1993]). Her vague allegations that her children colluded in order to pay Jeffrey directly rather than pay the Trust, of which she is the trustee, do not support a request for disclosure pursuant to CPLR 3212(f) (Citibank, N.A. v Furlong, 81 AD2d 803, 804 [1st Dept 1981]; see Fulton v Allstate Ins. Co., 14 AD3d 380, 381 [1st Dept 2005]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK