Hall v Louis (2020 NY Slip Op 03268)





Hall v Louis


2020 NY Slip Op 03268


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11216 113201/11

[*1] Melissa Hall, et al., Plaintiffs-Appellants,
v
Ernest Louis, et al., Defendants-Respondents.


John D. Gorman, New York (Diana Jarvis of counsel), for appellants.
Richter Restrepo, PLLC, New York (Peter M. Rivera of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered July 25, 2018, which, insofar as appealed from as limited by the briefs, sua sponte dismissed the second cause of action of the complaint, unanimously reversed, on the law, without costs, the second cause of action reinstated, and the matter restored to the trial calendar.
This appeal involves Supreme Court's sua sponte dismissal of a shareholders' derivative lawsuit against a low-income Housing Development Fund Corporation (HDFC) and its current and former members of the board of directors. Supreme Court dismissed the lawsuit at a pretrial conference after determining that all three causes of action asserted in the complaint were moot. The appeal is limited to Supreme Court's dismissal of plaintiffs' second cause of action for an equitable accounting, asserted against the individual defendants. Plaintiffs do not appeal from Supreme Court's dismissal of their first cause of action for the inspection of the HDFC's books and records or the dismissal of their third cause of action for an injunction.
An order issued sua sponte is not appealable as of right (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). Plaintiffs' remedy is to move to vacate the court's order, and, if the motion is denied, appeal from that order (CPLR 5701[a][3]; see Person v Einhorn, 44 AD3d 363 [1st Dept 2007]; Davidson v Regan Fund Mgt. Ltd., 15 AD3d 172 [1st Dept 2005]).
Although plaintiffs failed to move to vacate the order in Supreme Court, in the interest of justice we deem the notice of appeal a motion for leave to appeal pursuant to CPLR 5701(c) and grant the motion (see Yuppie Puppy Pet Prods., Inc v Street Smart Realty, LLC, 77 AD3d 197, 200 [1st Dept 2010]; Jun-Yong Kim v A & J Produce Corp., 15 AD3d 251, 251 [1st Dept 2005]). Having granted leave to appeal, we turn now to the appeal.
On the merits, we find that Supreme Court erred in dismissing the complaint because the cause of action for an equitable accounting was not moot. Supreme Court conflated the first cause of action for the inspection of the HDFC's books and records with the second cause of action for an equitable accounting (see Zyskind v FaceCake Mktg. Tech., Inc., 110 AD3d 444, 447 [1st Dept 2013] [the inspection of books and records is not the equivalent of an accounting]). Defendants failed to demonstrate what happened to the $90,000 from the sale of Apartment 6A, and the funds do not appear in the HDFC's financials. Defendants' affidavits did not address this glaring deficiency.
Supreme Court also erred in concluding that plaintiffs were required to amend their complaint to assert yet another cause of action in order for this litigation to move forward. An equitable accounting involves a remedy "designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession" (Roslyn Union Free School Dist. v Barkan, 16 NY3d 643, 653 [2011]). Available relief includes a personal judgment against the wrongdoer (see Fur & Wool Trading Co. v
Fox, Inc., 245 NY 215, 218 [1927]). Moreover, plaintiffs' complaint specifically demands "[j]udgment of such sums as were embezzled or improperly diverted by the Individual Defendants."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK