Metropolitan Bank & Trust Co. v Lopez (2020 NY Slip Op 07285)





Metropolitan Bank & Trust Co. v Lopez


2020 NY Slip Op 07285


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 159395/17 Appeal No. 12552 Case No. 2020-01472 

[*1]Metropolitan Bank & Trust Co., Plaintiff-Appellant,
v
Ma. Victoria "Marivic" S. Lopez, et al., Defendants, Maria Sta. Ana Lopez, Now Known as Lorainne Marie S. Lopez Lannon, Defendant-Respondent.


Pavia & Harcourt LLP, New York (Brandon C. Sherman of counsel), for appellant.
The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for respondent.



Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered on or about January 28, 2020, which, inter alia, granted the motion of defendant Maria Sta. Ana Lopez, now known as Lorainne Marie S. Lopez Lannon (Lannon) to dismiss the complaint as against her, and to cancel the notice of pendency filed by plaintiff, unanimously modified, on the law, the motion denied insofar as it sought dismissal of the causes of action for unjust enrichment and constructive trust as against Lannon and the cancellation of the notice of pendency, and otherwise affirmed, without costs.
[*2] Plaintiff Metropolitan Bank & Trust Co. (the Bank) is a bank located and organized in the Philippines, and defendant Lannon is the daughter of codefendants Marivic Lopez (Marivic) and Lorenzo Villegas Lopez (Lorenzo). According to the complaint, Marivic embezzled millions of dollars from the Bank over the course of more than 15 years, using the money to purchase property in this country and abroad in the names of Lorenzo and Lannon, who are alleged, upon information and belief, to have "kn[own] or had reason to know that the . . . [p]roperty was purchased with the proceeds of [Marivic's] criminal activity." Following Marivic's arrest, the Bank commenced this action to recover against Marivic, Villegas Lopez, and Lannon, and Lannon moved to dismiss the complaint as against her for failure to state a cause of action.
The court properly dismissed the claim sounding in conversion. "[A]n action for conversion of money may be made out where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question" (Thys v Fortis Sec. LLC, 74 AD3d 546, 547 [1st Dept 2010] [internal quotation marks omitted]). The Bank has failed to identify a specific fund of money held by Lannon, other than to allege she received unspecified embezzled funds from Marivic.
Contrary to the view of the motion court, the Bank's complaint sufficiently pleads a cause of action for unjust enrichment against Lannon. "It is well established that to successfully plead unjust enrichment a plaintiff must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (Philips Intl. Invs., LLC v Pektor, 117 AD3d 1, 7 [1st Dept 2014] [internal quotation marks and brackets omitted], quoting Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]). While the Court of Appeals cautioned in Georgia Malone that an unjust enrichment claim will not lie if the alleged connection between the parties is "too attenuated" (id. at 517), the Court of Appeals has never held that such a claim will not lie against one who knowingly receives, as a gratuitous donee, the proceeds of criminal wrongdoing, as Lannon is alleged to have done here. Whether such allegations are true cannot be determined on a motion addressed to the pleadings.
Significantly, in affirming the dismissal of the unjust enrichment claim in Georgia Malone, the Court of Appeals emphasized that the defendant in that case was, based on the allegations of the complaint, a bona fide purchaser for value (id. at 519). Specifically, the defendant in Georgia Malone (Rosewood) was a broker that allegedly had earned a commission as the result of purchasing confidential due diligence materials prepared by the plaintiff, a rival broker that had never been compensated for its work in preparing the materials. The former client for which the plaintiff had prepared the due diligence materials sold the file to Rosewood in violation of the client's contract with the plaintiff. The Court of Appeals noted that Rosewood apparently "fit the criteria of a good-faith purchaser for value" because the complaint alleged that "Rosewood paid . . . for the due diligence files" but "fail[ed] to allege that Rosewood was aware of the wrongfulness of . . . [the] actions" of the plaintiff's former client in selling the materials (id.). While the Court of Appeals further opined that the Georgia Malone complaint did not allege a sufficient connection between the parties to support an unjust enrichment claim "regardless of whether Rosewood was a good-faith purchaser of the due diligence materials" (id.), that case did not involve, as does this one, enrichment arising from the gratuitous transfer of the proceeds of criminal wrongdoing of which the unjustly enriched party was alleged to have been aware at the time of the transfer. Allowing an unjust enrichment claim against a gratuitous donee of property that the donee knows, or has reason to know, to be the proceeds of crime will [*3]not "impose a burdensome obligation in commercial transactions" (id.), the concern cited by the Court of Appeals in affirming the dismissal of the unjust enrichment claim in Georgia Malone, which, we emphasize, was based on a commercial transfer that was merely a breach of contract.
Since the Bank has stated a cause of action against Lannon for unjust enrichment, and the complaint further alleges that the funds embezzled by Marivic were used to purchase real property in the City of New York and elsewhere in Lannon's name, the Bank's cause of action for the imposition of a constructive trust on such real property is legally sufficient (see Simonds v Simonds, 45 NY2d 233, 241 [1978] [the equitable remedy of a constructive trust is imposed "(w)hen property has been acquired in such circumstances that the holder of the legal title may not in equity and good conscience retain the beneficial interest," and "(m)ore precise definitions of a constructive trust have been termed inadequate," since courts "reserve[] freedom to apply this remedy to whatever knavery human ingenuity can invent"] [internal quotation marks omitted]; Robinson v Day, 103 AD3d 584, 587 [1st Dept 2013]). Further, the motion should have been denied insofar as it sought cancellation of the notice of pendency filed against the real property in the City of New York upon which the Bank seeks to impose a constructive trust (see Don v Singer, 73 AD3d 583, 583 [1st Dept 2010] [a cause of action for imposition of a constructive trust "affects the title to, or the possession, use or enjoyment of real property"] [internal quotation marks omitted]).
The cause of action for an equitable accounting was correctly dismissed. "An equitable accounting involves a remedy designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession" (Hall v Louis, 184 AD3d 437, 438-439 [1st Dept 2020] [internal quotation marks omitted]). The elements include a fiduciary or confidential relationship, money entrusted to the defendant imposing the burden of an accounting, the absence of a legal remedy, and in some cases a demand and refusal (Matsumura v Benihana Natl. Corp., 2007 WL 1489758, *4, 2007 US Dist LEXIS 37376, *12-13 [SD NY 2007]). The Bank's complaint alleges none of these things with respect to Lannon. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020