Simon v Moskowitz (2021 NY Slip Op 02262)





Simon v Moskowitz


2021 NY Slip Op 02262


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Index No. 23060/15E Appeal No. 13584 Case No. 2020-02597 

[*1]Georgina Simon, Individually and on Behalf of 2845 Associates LLC, Plaintiff-Appellant,
v
Michael Moskowitz et al., Defendants-Respondents.


Stahl & Zelmanovitz, New York (Joseph Zelmanovitz of counsel), for appellant.
Nicole J. Coward PLLC, New York (Nicole J. Coward of counsel), for respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered on or about May 8, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate plaintiff's claims for an accounting and production of federal, state, and local tax returns, financial reports for the last three years, and any financial statements maintained by 2845 Associates LLC for the three most recent fiscal years, and otherwise affirmed, without costs.
Plaintiff, a minority investor in 2845 Associates, asserted, inter alia, a breach of fiduciary duty claim against defendant Michael Moskowitz, the manager of 2845 Associates and the principal of defendant Moss Management, LLC, the property management company, based on the failure to make distributions since 2014, despite significant cash reserves held by 2845 Associates and refinancing of its mortgage.
The motion court properly found that plaintiff failed to present evidence that defendants acted in bad faith, engaged in fraud or self-dealing, wasted assets, or acted contrary to 2845 Associates' legitimate purposes. The operating agreement provided Moskowitz with authority to determine when and if to make distributions, and the court will not second guess a decision protected by the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt. Corp, 75 NY2d 530, 539 [1990]).
However, under Limited Liability Company Law § 1102(b), plaintiff was entitled to certain specified financial records of 2845 Associates, which she contends were not provided to her. Moreover, as a member of 2845 Associates, Moskowitz owed plaintiff a fiduciary duty and she was not required to demonstrate that he breached that duty in order to obtain an accounting; the mere existence of a fiduciary relationship gives rise to a claim for an accounting (see Mullin v WL Ross & Co. LLC, 173 AD3d 520, 522 [1st Dept 2019]). Moskowitz's position as manager and principal of the management firm warranted an accounting and production of the specified records.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021