Matter of Grgurev v Licul (2022 NY Slip Op 02088)





Matter of Grgurev v Licul


2022 NY Slip Op 02088


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Kapnick, J.P., Webber, Friedman, Kennedy, Mendez, JJ. 


Index No. 157551/19 Appeal No. 15608 Case No. 2021-02692 

[*1]In the Matter of Omer Grgurev et al., Petitioners/Plaintiffs-Appellants-Respondents,
v
Milan Licul, etc., et al., Respondents/Defendants-Respondents-Appellants, Anthony Antonello, et al., Respondents/Defendants.


Slarskey LLC, New York (David Slarskey of counsel), for appellants-respondents.
Schlam Stone & Dolan LLP, New York (Richard H. Dolan of counsel), for respondents-appellants.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered March 25, 2021, to the extent appealed from as limited by the briefs, denying petitioners' application to direct respondents to produce an accounting for respondent Ocinomled, Ltd. for the years 2011-2019; awarding a deficiency judgment totaling $1,752,720.41 to each petitioner against respondents Milan Licul and Branko Turcinovic, jointly and severally; enjoining and restraining respondents for two years from having any direct or indirect interest in any business that uses the name or trademark "Delmonico's" in any manner or is a restaurant or hospitality business within one mile of the 56 Beaver Street location; and ordering respondents to effectuate and cooperate in the transfer of the New York State Liquor Authority license to sell alcoholic beverages on premises or off to petitioners, and cooperate in good faith in all steps necessary to effectuate a replacement license without interruption of Delmonico's lawful right to sell alcohol, unanimously modified, on the law, to direct respondents to produce an accounting for Ocinomled, Ltd. for the years 2011 to 2019, and otherwise affirmed, without costs.
Petitioners are entitled to an accounting for Delmonico's for 2011 to 2019. This Court has held "whenever there is a fiduciary relationship between the parties . . . there is an absolute right to an accounting notwithstanding the existence of an adequate remedy at law" (Koppel v Wien, Lane & Malkin, 125 AD2d 230, 234 [1st Dept 1986]; Dawes v J. Muller & Co., 176 AD3d 473, 474 [1st Dept 2019]). It is undisputed that there is a fiduciary relationship between the parties as partners and co-owners of Ocinomled. An equitable accounting is "designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in his or her possession" (Roslyn Union Free School Dist. v Barkan, 16 NY3d 643, 653 [2011]). While it is clear that respondents produced the full books and records, and the Special Referee went through thousands of documents and reviewed numerous expert reports, this is insufficient (see Hall v Louis, 184 AD3d 437, 438 [1st Dept 2020]; Polish Am. Resource Corp. v Byrczek, 270 AD2d 96, 96 [1st Dept 2000]), particularly because respondents' bookkeeping was described as inadequate, and sometimes nonexistent, and there was evidence respondents intentionally destroyed key financial data during the litigation.
Supreme Court properly determined that the issue of equitable dissolution of Ocinomled, Ltd. and its asset, Delmonico's steakhouse, should be considered separate from the claims related to Scaletta Ristorante, which was owned by another entity. The court also properly entered the deficiency judgment against respondents Licul and Turcinovic (see Matter of Kemp & Beatley [Gardstein], 64 NY2d 63, 73 [1984] ["The appropriateness of an order of dissolution is in every case vested in the sound discretion of the [*2]court considering the application."]). Given Licul and Turcinovic's oppressive conduct and breaches of fiduciary duties, a forced buy-out of their shares worth $2.55 million was appropriate, and the court properly offset petitioners' damages by that amount (see e.g. Matter of Clever Innovations, Inc. [Dooley], 94 AD3d 1174, 1176-1177 [3d Dept 2012]). Moreover, petitioners still had further calculated damages. Given the closely held nature of Ocinomled, respondents' exclusive control over its finances, and the breach of fiduciary duty findings, Supreme Court properly determined that a deficiency judgment should be issued against Licul and Turcinovic personally.
The Special Referee and Supreme Court also properly calculated the deficiency judgment, as the Referee calculated the unpaid profit distributions based upon the tax returns and only allocated the portions petitioners should have received. In addition, the Referee and Supreme Court properly approved numerous holdback items to reduce Delmonico's cash on hand before calculating the amount from Ocinomled's bank accounts to be used to offset the deficiency judgment. Moreover, while respondents object to an ex parte review by the Referee of petitioners' personal tax returns to estimate any amounts that should be advanced to petitioners to satisfy any tax deficiencies, penalties, and interest, this review had no impact on the final deficiency judgment. The judgment only incorporated an actual IRS penalty of $77,817 against Omer Grgurev for taxes owed for 2018, which was evidenced by an IRS notice.
As for the nonmonetary penalties, Supreme Court properly ordered respondents to cooperate with petitioners to transfer the liquor license or obtain a replacement liquor license. Alcohol Beverage Control Law § 111 permits a license to be transferred "in the discretion of the authority" (here, the State Liquor Authority). Thus, it is possible under the law for respondents to seek permission from the State Liquor Authority to transfer such liquor license from Licul to Ocinomled. In addition, Supreme Court, as a court of equity, was within its rights to exercise its discretion and include the noncompetition clause in the final judgment, particularly in light of respondents' oppressive behavior and attempts to silence petitioners' objections to the expansion of the business. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022