Matter of Kaylie v Kaylie (2023 NY Slip Op 04931)

Matter of Kaylie v Kaylie

2023 NY Slip Op 04931

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 151662/22 Appeal No. 663 Case No. 2023-02864 

[*1]In the Matter of Lee Kaylie, Petitioner-Appellant,
v
Gloria Kaylie, Respondent-Respondent.

Reed Smith LLP, New York (Steven Cooper of counsel), for appellant.
Hochheiser & Akmal PLLC, Garden City (Marc Rogovin of counsel), for respondent.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about October 26, 2022, which denied the petition for an accounting, unanimously reversed, on the law and the facts, with costs, the petition reinstated, and the matter remanded for proceedings consistent with this opinion.
Petitioner, a beneficiary of the trust underlying this proceeding, is entitled to a judicial accounting by reason of the fiduciary relationship between him and respondent, who was the trust's sole trustee from 2017 until 2021 (see Mullin v WL Ross & Co. LLC, 173 AD3d 520, 522 [1st Dept 2019]; Koppel v Wien, Lane & Malkin, 125 AD2d 230, 234 [1st Dept 1986]). The fact that respondent has returned the trust's funds with interest does not affect petitioner's right to an accounting (see Simon v Moskowitz, 193 AD3d 520, 521 [1st Dept 2021]; Ull v Royal Car Park, LLC, 179 AD3d 469, 470-471 [1st Dept 2020]). Nor does petitioner's eventual receipt of the bank statements for the trust's accounts (see Matter of Grgurev v Licul, 203 AD3d 624, 625 [1st Dept 2022], lv dismissed 38 NY3d 1171 [2022]).
We reject respondent's defense of unclean hands, as the conduct of which she complains was by a nonparty to this proceeding, not by petitioner (see Frymer v Bell, 99 AD2d 91, 96 [1st Dept 1984]). Furthermore, the conduct was not "immoral or unconscionable" as required for the doctrine of unclean hands (id.), and in any event, respondent has not shown how it injured her.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023