Tapia v Bravo (2024 NY Slip Op 05077)

Tapia v Bravo

2024 NY Slip Op 05077

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 300900/17 Appeal No. 2799-2800 Case No. 2023-02845, 2024-00915 

[*1]Cristian Tapia, Plaintiff-Respondent,
v
Teogenes Bravo, Defendant-Respondent, Tatiana A. Castillo-Sosa, Defendant-Respondent-Appellant, Dayna A. Concepcion, Defendant-Appellant-Respondent.

Guararra Law Firm, Garden City (Melissa L. Johnston of counsel), for appellant-respondent.
Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for respondent- appellant.
Scahill Law Group P.C., Bethpage (Gerard Ferrara of counsel), for Teogenes Bravo, respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 4, 2023, which, insofar as appealed from as limited by the briefs, denied the cross-motions of defendants Concepcion and Castillo-Sosa (collectively appellants) for summary judgment dismissing the complaint and all cross-claims as against them, unanimously reversed, on the law, with costs, and the motions granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and justice, entered January 11, 2024, which denied defendant Concepcion's motion to renew and reargue, unanimously dismissed, without costs, as academic and taken from a nonappealable paper, respectively.
In support of their motions for summary judgment, appellants submitted the deposition testimony of plaintiff, Castillo-Sosa, and co-defendant Bravo, which established that plaintiff's vehicle was struck in the rear by Bravo's vehicle, and that, after plaintiff and Bravo had moved to the side of the road and exited their vehicle, Castillo-Sosa's vehicle struck the rear of Bravo's vehicle and was then hit in the rear by Concepcion's vehicle. Plaintiff testified that his vehicle was only struck once, by Bravo's vehicle, and that he was standing safely on the shoulder of the road, outside of his vehicle, when the subsequent collisions occurred. Thus, appellants established prima facie that the first accident involving Bravo's vehicle was completed when the secondary accidents involving their vehicles occurred, and therefore, that they did not proximately cause plaintiff's alleged injuries (see Hain v Jamison, 28 NY3d 524, 532 [2016]).
Appellants having made their prima facie showing, the burden shifted to the nonmoving parties to raise an issue of fact as to whether any negligence on appellants' part proximately caused plaintiff's claimed injuries (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; see CPLR 3212[b]). Plaintiff did not oppose the summary judgment motions and Bravo did not submit any evidence to raise an issue of fact. Neither plaintiff nor Bravo showed any need for Concepcion's deposition in order to be able to respond to the summary judgment motions (see CPLR 3212 [f]; Ull v Royal Car Park LLC, 179 AD3d 469, 471 [1st Dept 2020]). Thus, appellants' motions for summary judgment should have been granted (see Dattilo v Best Transp. Inc., 79 AD3d 432, 432 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024