Matter of Grgurev v Licul (2024 NY Slip Op 06274)

Matter of Grgurev v Licul

2024 NY Slip Op 06274

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 157551/19 Appeal No. 3245 Case No. 2023-03953 

[*1]In the Matter of Ferdo Grgurev et al., Petitioners-Appellants,
v
Milan Licul Individually, et al., Respondents-Respondents, Anthony A. Antonello, et al., Respondents.

Slarskey LLC, New York (David Slarskey of counsel), for appellants.
Schlam Stone & Dolan LLP, New York (John Moore of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered July 26, 2023, which denied petitioners' motions to strike respondents' expert testimony, accepted the equitable accounting submitted by respondents, and denied the objections and claims filed by petitioners, unanimously affirmed, without costs.
In a prior appeal in this matter, this Court modified a judgment, which had denied petitioners' application to direct respondents to produce an accounting for respondent Ocinomled, Ltd. for the years 2011 through 2019, and directed respondents to produce the accounting (Matter of Grgurev v Licul, 203 AD3d 624, 625 [1st Dept 2022], lv dismissed 38 NY3d 1171 [2022]). Petitioners then challenged the resulting equitable accounting submitted by respondents' expert witness, moving to strike the expert witness's testimony and evidence on the basis that she relied on improper methodology and documentation to account for how funds were expended.
Respondents demonstrated by a fair preponderance of the evidence that the equitable accounting was accurate and complete so as to sufficiently demonstrate how the company funds at issue were expended (see Liddle, Robinson & Shoemaker v Shoemaker, 12 AD3d 282, 284 [1st Dept 2004]). We reject petitioners' argument that the expert's testimony on the equitable accounting was so flawed that it should have been stricken by Supreme Court. The trial court correctly concluded that despite certain gaps, the accounting adequately demonstrated that the amounts questioned by petitioners were actual expenses of the business, and the trial court providently exercised its discretion in accepting the accounting (see e.g. Soley v Wasserman, 639 Fed Appx 670, 677 [2d Cir 2016]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024