KIMBERLY SAUNDERS et al., Appellants, v AOL TIME WARNER, INC., Respondent. [794 NYS2d 342]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about February 11, 2004, which granted defendant's motion to dismiss the class action complaint, without prejudice to a new or amended complaint against Time Warner Cable of New York City (TWCNYC) based on plaintiffs' General Business Law claims, unanimously affirmed, with costs.

The complaint in this action, alleging that defendant's subsidiary TWCNYC failed to afford its subscribers adequate notice of the circumstance that access to Basic service cable television programming does not require rental of a cable converter box, should have been filed against TWCNYC, and not defendant.

In any event, plaintiff Linda Saunders was not a proper plaintiff. Inasmuch as she was a subscriber to TWCNYC's Standard cable service, an upgrade over Basic service, and regularly purchased pay-per-view programming, both of which services require a cable box, she was not aggrieved by the complained-of conduct; only Basic subscribers who rented cable boxes as to which a claim of superfluousness might be made would be proper plaintiffs.

Moreover, with the exception of plaintiffs' General Business Law causes, which are not here at issue, plaintiffs have not alleged legally cognizable claims. TWCNYC's notice to subscribers, advising that cable boxes are not required to view Basic cable service if the subscriber has a cable-ready television or videocassette recorder, but at the same time recommending rental of the cable boxes to ensure optimum service, was in compliance with the relevant Federal Communications Commission regulation (47 CFR 76.1622 [b] [1]). Assuming without deciding that the representations in the notice are somewhat exaggerated, they do not amount to a predicate for a claim of fraud or negligent misrepresentation (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 348 [1999]). The viability of the negligent misrepresentation claim is also fatally impaired by the absence of any special relationship (*see Andres v LeRoy Adventures*, 201 AD2d 262 [1994]). Nor do plaintiffs state any claim for breach of contract, and the absence of misconduct rising to the level of fraud defeats plaintiffs' claim that they were fraudulently induced into renting cable boxes (*see Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407 [1958]). The existence of the valid and enforceable cable subscriber contracts defeats the unjust enrichment cause of action (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]), and, in the absence of a confidential or fiduciary relationship, plaintiffs have no cause of action for an accounting (*see Palazzo v Palazzo*, 121 AD2d 261, 265 [1986]), or for imposi-

tion of a constructive trust (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]).

The court's decision to dismiss plaintiff Kimberly Saunders' General Business Law § 349 claim without prejudice and to allow her to commence a new or amended action against the proper defendant, TWCNYC, which she has already done, rather than amending the caption on the instant complaint was proper.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Marlow and Catterson, JJ.