Town of N. Hempstead v Corona Realty Holding, LLC (2023 NY Slip Op 00346)

Town of N. Hempstead v Corona Realty Holding, LLC

2023 NY Slip Op 00346

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-02583
 (Index No. 611659/18)

[*1]Town of North Hempstead, appellant,
v
Corona Realty Holding, LLC, respondent.

Harris Beach PLLC, Uniondale, NY (Keith M. Corbett and Stephanie L. Tanzi of counsel), for appellant.
Jaroslawicz & Jaros, PLLC, New York, NY (David Tolchin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered January 30, 2020. The order denied the plaintiff's motion, inter alia, in effect, for summary judgment on the cause of action to recover damages for breach of contract, and granted the defendant's cross-motion, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff, as purchaser, and the defendant, as seller, entered into a written agreement for the sale of certain real property in Mineola (hereinafter the agreement). Pursuant to the agreement, the closing was to take place on or before 30 days after the satisfaction of all conditions precedent set forth in the agreement, including that certain pending actions commenced by the defendant must be dismissed within six months of the effective date of the agreement. If those actions were not dismissed within that time, then either party had the right to "terminate th[e] Agreement upon notice to the other," whereupon "the parties shall cease to have any rights against or responsibilities to the other party." The parties subsequently extended the satisfaction date for the condition precedent requiring dismissal of the pending actions until December 31, 2014. The agreement also provided that in the event of the defendant's failure to comply with any obligations, the plaintiff had a right to terminate the agreement, but "there shall be no damages or liquidated damages . . . for any non-compliance, non-performance, breach or default by [the defendant]," and the plaintiff "acknowledges that the foregoing is a waiver of all claims or remedies . . . including specific performance."
In June 2018, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. In the defendant's answer, it asserted various affirmative defenses, including that the agreement precluded the plaintiff's causes of action. Thereafter, the plaintiff moved, among other things, in effect, for summary judgment on the cause of action to recover damages for breach of contract, and the defendant cross-moved, in effect, for summary judgment dismissing the complaint. In an order entered January 30, 2020, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"A plain contract, clear and explicit in its terms, involves only a question of law and the construction of such an agreement is a matter for the court" (Quinn v Buffa, 97 AD2d 752, [*2]752-753; see Kaplan v Kaplan, 174 AD3d 691, 693). A contract should be read as a whole to determine its purpose and intent, and generally extrinsic evidence is inadmissible to add to or vary the writing (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162-163; Kaplan v Kaplan, 174 AD3d at 693-694). Here, the defendant established, prima facie, that the pending actions were not dismissed by the extended satisfaction date, and thus, that the unambiguous terms of the agreement entitled either party to terminate the agreement. Moreover, the defendant established, prima facie, that even assuming, arguendo, the defendant failed to comply with any obligations under the agreement, the plaintiff's sole remedy was to terminate the agreement, with no entitlement to specific performance or to assert any causes of action to recover damages (see generally IHG HARLEM I, LLC v 406 Manhattan LLC, 200 AD3d 417, 418; Peluso v Tauscher Cronacher Proffesional Engrs., 270 AD2d 325). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Furthermore, the Supreme Court properly determined that the causes of action alleging fraudulent inducement and negligent misrepresentation must be dismissed as duplicative of the cause of action alleging breach of contract, as those causes of action were based on identical circumstances to the cause of action alleging breach of contract (see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 807-808; Chen v Wen Fang Wang, 177 AD3d 694, 697).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, in effect, for summary judgment on the cause of action to recover damages for breach of contract and granted the defendant's cross-motion, in effect, for summary judgment dismissing the complaint.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court