Long Is. Minimally Invasive Surgery, P.C. v MultiPlan, Inc. (2024 NY Slip Op 03038)

Long Is. Minimally Invasive Surgery, P.C. v MultiPlan, Inc.

2024 NY Slip Op 03038

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-03786
 (Index No. 605520/16)

[*1]Long Island Minimally Invasive Surgery, P.C., appellant, 
v
MultiPlan, Inc., respondent.

Garfunkel Wild, P.C., Great Neck, NY (Roy W. Breitenbach, Jason Hsi, and Michael J. Keane of counsel), for appellant.
d'Arcambal Ousley & Cuyler Burk LLP, New York, NY (Aimee L. Creed, Errol J. King, Jr., pro hac vice, and Katherine C. Mannino, pro hac vice, of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered April 28, 2020. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract and dismissing the counterclaim to recover damages for breach of contract, and granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim to recover damages for breach of contract, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff, Long Island Minimally Invasive Surgery, P.C. (hereinafter LIMIS), is a medical practice that specializes in weight-loss surgery. The defendant, MultiPlan, Inc. (hereinafter MultiPlan), administers a preferred provider organization network of medical and healthcare providers. In that role, MultiPlan operates as an intermediary between providers and payors, including health insurance companies, employee health benefit plans, Taft-Hartley plans, and other healthcare service organizations. MultiPlan offers a complementary network of providers (hereinafter the MultiPlan Network), which acts as a secondary provider network to a health benefit plan's preferred provider network. To create the MultiPlan Network, MultiPlan contracts with out-of-network medical and healthcare providers, such as LIMIS, that agree to charge a discounted rate for medical services rendered to participants of programs that access the MultiPlan Network in exchange for prompt payment from the payors. MultiPlan, in turn, enters into separate contracts with [*2]its clients, i.e., health insurance companies, employee health benefit plans, Taft-Hartley plans, and other healthcare service organizations, whereby it sells the right to access the MultiPlan Network and the negotiated discounted rate.
On October 15, 2010, LIMIS entered into an participating professional group agreement (hereinafter the agreement) with MultiPlan to be a participating provider in the MultiPlan Network, under which LIMIS agreed to accept 15% off its standard medical fees (hereinafter the contract rate) in exchange for prompt payment to be made directly to LIMIS by MultiPlan's clients. LIMIS alleged that the agreement required MultiPlan's clients to pay the contract rate for covered medical services rendered by LIMIS to their members and that MultiPlan breached the agreement by failing to require its clients to reimburse LIMIS at the contract rate for covered services. As a consequence, LIMIS alleged that it was wrongfully paid less than the contract rate when it provided covered services to patients whose health benefit plans had access to the MultiPlan Network.
In August 2016, LIMIS commenced this action against MultiPlan, inter alia, to recover damages for breach of contract. MultiPlan interposed an answer and asserted a counterclaim to recover damages for breach of contract. Thereafter, LIMIS moved for summary judgment on the issue of liability on the cause of action to recover damages for breach of contract and dismissing MultiPlan's counterclaim. MultiPlan moved, among other things, for summary judgment dismissing the cause of action to recover damages for breach of contract. In an order entered April 28, 2020, the Supreme Court, inter alia, denied LIMIS's motion and granted that branch of MultiPlan's motion. LIMIS appeals.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent and the best evidence of what parties to a written agreement intend is what they say in their writing" (Orlando v County of Putnam, 208 AD3d 503, 504 [internal quotation marks omitted]; see Town of N. Hempstead v Corona Realty Holding, LLC, 212 AD3d 863, 864-865). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Orlando v County of Putnam, 208 AD3d at 504 [internal quotation marks omitted]).
"A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion" (id. [internal quotation marks omitted]; see Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 909). "The threshold question of whether a contract is unambiguous, and the subsequent construction and interpretation of an unambiguous contract, are issues of law within the province of the court" (249-251 Brighton Beach Ave., LLC v 249 Brighton Corp., 217 AD3d 809, 812 [internal quotation marks omitted]). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous," and "[s]uch evidence is not admissible to create an ambiguity" (Orlando v County of Putnam, 208 AD3d at 505 [internal quotation marks omitted]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163). "When a term or clause is ambiguous, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact" (Village of Spring Val. v Post Off. Sq., LLC, 211 AD3d 885, 888 [internal quotation marks omitted]).
Here, the agreement is ambiguous as a matter of law, as it employs language supporting both parties' competing interpretations of the agreement. For example, section 4.7 of the agreement provides that MultiPlan "will require" its clients "to use the Contract Rates" for covered services delivered to a participant in a health benefit plan that utilizes the MultiPlan Network. Similarly, section 5.2(b) provides that a client "will pay . . . the Contract Rate for Covered Services." By contrast, section 3.9 of the agreement and, separately, Exhibit B to the agreement contain permissive language, allowing health benefit plans to "cover" or "pay" covered services at an in- or out-of-network level. Under the circumstances, the submission by both parties of extrinsic evidence as an aid in construction of the agreement did not resolve the ambiguity in the agreement as a matter of law (see State of New York v Home Indem. Co., 66 NY2d 669, 671-672; Dobbs v North Shore Hematology-Oncology Assoc., P.C., 106 AD3d 771, 772). In sum, the agreement, read as a whole, fails to disclose its purpose and the parties' intent, and therefore, the Supreme Court erred in granting [*3]that branch of MultiPlan's motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract (see Henrich v Phazar Antenna Corp., 33 AD3d 864, 867). On the same basis, the court did not err in denying that branch of LIMIS's motion which was for summary judgment on the issue of liability on that cause of action.
"It has long been recognized that the theory underlying damages for breach of contract is to make good or replace the loss caused by the breach" (iGo Mktg. & Entertainment, LLC v Hartbeat Prods., LLC, 217 AD3d 753, 754-755). To this end, damages may not be "merely speculative, possible and imaginary," but must be reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes (Wakeman v Wheeler & Wilson Mfg. Co., 101 NY 205, 209; see Kenford Co. v County of Erie, 67 NY2d 257, 261).
Here, in support of its motion for summary judgment dismissing MultiPlan's counterclaim to recover damages for breach of contract, LIMIS submitted an affidavit from Shawn M. Garber with accompanying exhibits, demonstrating, prima facie, that even if LIMIS had complied with the charge master notice provision of the agreement, LIMIS's contract rate would not have been changed. In other words, LIMIS established, prima facie, that MultiPlan's claimed damages were, at best, merely speculative based upon its clients' lower demand for a less attractive contract rate. In opposition, MultiPlan asserted, as it does on appeal, that it had sustained actual, nonspeculative damages. However, MultiPlan failed to raise a triable issue of fact as to that assertion. Accordingly, the Supreme Court should have granted that branch of LIMIS's motion which was for summary judgment dismissing the counterclaim to recover damages for breach of contract.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court