| |
|---|
| **NGH Group, Inc. v Butler** |
| 2025 NY Slip Op 33401(U) |
| September 18, 2025 |
| County Court, Suffolk County |
| Docket Number: Index No. 624032/2023 |
| Judge: Evan M. Zuckerman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SHORT FORM ORDER                                    INDEX NO. 624032/2023

COUNTY COURT - STATE OF NEW YORK
I.A.S. TERM, PART 68 - SUFFOLK COUNTY

PRESENT:

   HON. EVAN M. ZUCKERMAN
   Acting Judge County Court

THE NGH GROUP, INC.

                              Plaintiff,

          -against-

SANA BUTLER,

                              Defendant.

ORIG. RETURN DATE: JANUARY 23, 2025
FINAL SUBMISSION DATE: AUGUST 7, 2025
MTN. SEQ. #: 010
MOTION: MD

CROSS-MOT. ORIG. RET. DATE: MARCH 11, 2025
FINAL SUBMISSION DATE: AUGUST 7, 2025
MTN. SEQ. #: 011
X-MOTION MG

ATTORNEY FOR PLAINTIFF:
GRESHIN, ZIEGLER & AMICIZIA, P.C.
199 EAST MAIN STREET- SUITE TWO
SMITHTOWN, NEW YORK  11787
(631) 265-2550

SELF-REPRESENTED DEFENDANT:
SANA BUTLER
2588 7th AVENUE- APARTMENT 2E
NEW YORK, NEW YORK 10039

Upon the following papers numbered 1 to __7__ read on defendant's motion
FOR SANCTIONS PURSUANT TO 22 NYCRR 130-1.1                              ,
and plaintiff's cross-motion DISMISSING DEFENDANT'S COUNTERCLAIMS AND FOR
SUMMARY JUDGMENT.
Notice of Motion, Affirmation in Support and supporting papers __1-3__ ; Notice of Cross-Motion,
Affirmations in Opposition and in Support _4-6_ ; Defendant's Affirmation in Reply _7_ ; it is,

   **ORDERED** that defendant's motion for sanctions against plaintiff and for
dismissal of the complaint as frivolous is **DENIED**, and it is further

   **ORDERED** that plaintiff's cross-motion to dismiss defendant's seven
counterclaims for fraud, breach of contract, declaratory judgment, accounting,
fraudulent inducement, breach of duty of good faith and fair dealing, and
intentional infliction of emotional distress is hereby **GRANTED**, and it is further

   **ORDERED** that plaintiff's cross-motion for summary judgment in its favor
on its claims in the complaint is hereby **GRANTED**.

This action is for monies due for private investigation services rendered to defendant by plaintiff pursuant to a Client Services Agreement entered into by the parties, dated January 31, 2023. There is a long procedural history and numerous motions associated with this matter, which need not be fully discussed herein for the purpose of deciding this motion and cross-motion.

This action was commenced by plaintiff The NGH Group, Inc. (hereinafter "NGH") by summons and complaint filed on September 27, 2023, to recover $5,953.75 allegedly owed by defendant Sana Butler (hereinafter "Butler") for NGH's services, plus accrued interest, costs and attorney's fees. One day earlier, on September 26, 2023, Butler commenced a small claims action in Suffolk County District Court - Third District for $5,000.00, seeking to recover monies she had already paid to NGH for its services (part of a $10,000.00 retainer paid). By Order dated January 2, 2024 (Quinlan, J.), Supreme Court granted NGH's motion to consolidate the Supreme Court action with the District Court action and ordered that the complaint in the District Court action be treated as a counterclaim and answer in this action.

On September 24, 2024, Butler brought a motion in Supreme Court to amend her answer to include seven counterclaims, which motion was granted by Order dated October 21, 2024 (Quinlan, J.). By Order dated June 5, 2025, the matter was removed from Supreme Court and assigned to this Court, pursuant to CPLR 325 (d).

Butler has now moved for: (1) sanctions against NGH pursuant to 22 NYCRR § 130-1.1; and (2) dismissal of NGH's complaint as frivolous. NGH opposes the motion and cross-moves to dismiss Butler's counterclaims and for summary judgment in its favor on its claims against Butler.

### BUTLER'S MOTION FOR SANCTIONS AND DISMISSAL

For purposes of the Rules of the Chief Administrator of the Courts (22 NYCRR § 130-1.1 [c]), conduct is frivolous if:

(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

[* 2]

(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

(3) it asserts material factual statements that are false.

NGH's complaint seeks to recover monies for services it provided to Butler, the provision of which services are not in dispute. That Butler has asserted a defense to NGH's claims and alleges that it "waived all outstanding balances" on her account does not render the complaint frivolous within the meaning of 22 NYCRR § 130-1.1 (c) (see *Perna v Reality Roofing, Inc.*, 122 AD3d 821 [2d Dept 2014]; *Freight Brokers Global Servs., Inc. v Molfetta*, 90 AD3d 828 [2d Dept 2011]). Thus, Butler's motion for sanctions and for dismissal of NGH's complaint as frivolous is hereby **DENIED**.

## NGH'S CROSS-MOTION

*1. Summary Judgment*

With respect to NGH's cross-motion for summary judgment in its favor, summary judgment is a drastic remedy and should only be granted in the absence of any triable issues of fact (see *Rotuba Extruders, Inc. v Ceppos*, 46 NY2d 223 [1978]; *Andre v Pomeroy*, 35 NY2d 361 [1974]). It is well-settled that the proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient proof to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Seidman v Indus. Recycling Props., Inc.*, 52 AD3d 678 [2d Dept 2010]). Failure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once such a showing has been made, the burden then shifts to the party opposing the motion which must produce evidentiary proof in admissible form sufficient to require a trial of the material issues of fact (*Roth v Barreto*, 289 AD2d 557 [2d Dept 2001]; *Rebecchi v Whitmore*, 172 AD2d 600 [2d Dept 1991]; *O'Neill v Town of Fishkill*, 134 AD2d 487 [2d Dept 1987]). To defeat a motion for summary judgment, a party opposing such motion must lay bare his proof in evidentiary form; conclusory allegations are insufficient to raise a triable issue of fact (see *Friends of Animals, Inc. v Associated Fur Mfrs.*, 46 NY2d 1065 [1979]; *Burns v City of Poughkeepsie*, 293 AD2d 435 [2d Dept 2002]). A motion for summary judgment should be denied where the facts are in dispute or where conflicting inferences may be drawn from

[* 3]

the evidence (see *Chimbo v Bolivar,* 142 AD3d 944 [2d Dept 2016]; *Benetatos v Comerford,* 78 AD3d 730 [2d Dept 2010]).

In determining the rights and obligations of the parties to a contract, it is well-established that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records* 98 NY2d 562, 569 [2002]; *R/S Assoc. v N.Y. Job Dev. Auth.,* 98 NY2d 29, 32 [2002]). "In construing a contract, one of a court's goals is to avoid an interpretation that would leave contractual clauses meaningless" (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396, 403 [1984]). The aim of the court when interpreting a contract is to arrive at a construction that gives fair meaning to all of its terms and provisions, and to reach a "practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*see Pellot v Pellot,* 305 AD2d 478 [2d Dept 2003]; *Gonzalez v Norrito,* 256 AD2d 440 [2d Dept 1998]; *Joseph v Creek & Pines, Ltd.,* 217 AD2d 534, 535 [2d Dept], *lv dismissed* 86 NY2d 885 [1995], *lv denied* 89 NY2d 804 [1996]; *see also Matter of Matco-Norca, Inc.,* 22 AD3d 495 [2d Dept 2005]; *Tikotzky v City of New York,* 286 AD2d 493 [2d Dept 2001]; *Partrick v Guarniere,* 204 AD2d 702 [2d Dept], *lv denied* 84 NY2d 810 [1994]). "If the language of the agreement is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence" (*Salerno v Odoardi,* 41 AD3d 574, 575 [2d Dept 2007]). As it is a question of law whether or not a contract is ambiguous (*W. W. W. Assoc. v Giancontieri,* 77 NY2d 157 [1990]), a court must first determine whether the agreement at issue on its face is reasonably susceptible to more than one interpretation (*see Chimart Assoc. v Paul,* 66 NY2d 570 [1986]).

Here, the Court finds that the Client Services Agreement in question is unambiguous on its face with respect to the obligations of the parties. NGH was to provide investigatory services at the request of Butler and Butler was to pay NGH for the services performed. The Client Services Agreement is also unambiguous with respect to: (1) Butler's obligation to pay invoices in full when they were presented to her; (2) the accrual of interest at the rate of 18% interest per annum on any invoices not paid; and (3) Butler's obligation to pay collection costs and reasonable attorney's fees. Thus, NGH has made a *prima facie* showing of entitlement to judgment as a matter of law on its claims for monies due for services provided under the Client Services Agreement, plus interest, costs and reasonable attorney's fees. The burden now shifts to Butler to establish by evidentiary proof in admissible form that there are material issues of fact in dispute

[* 4]

requiring a trial.

Butler claims that the monies she owed were "waived" by NGH and attaches an email exchange between the parties in support of this argument. However, even if the Court determined that these emails are admissible evidence, which they are not, the emails do not establish that NGH waived Butler's obligation to pay the outstanding balance of $5,973.75. Rather it appears that NGH offered to waive the outstanding balance as an accommodation, under two conditions: (1) Butler confirmed she and her family no longer needed NGH's services; and (2) the $10,000 retainer she paid would constitute full payment for the services NGH had provided. While the return email from Butler confirmed the family's decision to terminate NGH's services, Butler did not agree to the second condition in the email. Instead, she stated she was writing "to dispute the attached 2/17/23 invoice as it relates to the $10,000 retainer billed activity" (Exhibit "D" to Affirmation in Reply). Further, Butler subsequently brought a small claims action in an attempt to recover $5,000 of the $10,000 she had paid to NGH as a retainer. Thus, it is clear that Butler did not accept NGH's offer as it pertained to the $10,000 retainer she had paid and no waiver occurred.

The Court finds that NGH has made a *prima facie* showing of entitlement to judgment as a matter of law (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d at 324), and Butler has not come forth to establish the existence of any material issues of fact which require a trial of the action. It is undisputed that Butler breached the terms of the Client Services Agreement by failing to remit the outstanding balance despite demands therefor, and that there is a balance due and owing NGH of $5,953.75, plus interest. Accordingly, NGH's cross-motion seeking summary judgment against Butler in the amount of $5,953.75, plus interest at the rate of 18% from February 17, 2023, along with costs and reasonable attorney's fees is hereby **GRANTED**. NGH may submit an affirmation of legal services with the proposed judgment so that the Court may fashion an award of reasonable attorney's fees to NGH in accordance with the Client Services Agreement.

*2. Dismissal of Butler's Counterclaims*

Regarding NGH's cross motion to dismiss Butler's counterclaims, as to the claims of fraud (first and fifth causes of action), the Court finds that Butler has failed to plead fraud with sufficient particularity pursuant to CPLR 3016 (b). In addition, the only fraud claimed arises from an alleged breach of contract, which claims are duplicative and based on the same facts as the breach of contract

[* 5]

counterclaim (see *Town of North Hempstead v Corona Realty Holding, LLC,* 212 AD3d 863, 865 [2d Dept 2023). Accordingly, the first and fifth counterclaims are dismissed.

With regard to Butler's second counterclaim, the essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, one party's performance pursuant to the contract, the other party's breach of its contractual obligations, and damages resulting from the breach (see *25 Bay Terrace Assoc., L.P. v Public Serv Mut. Ins. Co.,* 194 AD3d 668 [2d Dept 2021]; *WMC Realty Corp. v City of Yonkers,* 193 AD3d 1018 [2d Dept 2021]). "It is well settled that a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*MHR Capital Partners LP v Presstek, Inc.,* 12 NY3d 640, 645 [2009], quoting *Greenfield v Philles Records, Inc.,* 98 NY2d 562, 569 [2002]; see *25 Bay Terrace Assoc., L.P. v Public Serv Mut. Ins. Co.,* supra; *CDC Dev Props., Inc. v American Ind. Paper Mills Supply Co., Inc.,* 184 AD3d 623 [2d Dept 2020]).

Here, Butler alleges that NGH breached the Client Services Agreement by failing to: (1) perform the investigative services; (2) provide regular progress updates; and (3) deliver any tangible work product or case file. These allegations are not supported and are refuted by the invoice annexed to the complaint as Exhibit "B." It shows that NGH performed investigative services between January 23, 2023, and February 17, 2023, all of which were detailed on the February 17, 2023 invoice. Not only were the investigative services performed, but Butler was given an update of what services were performed in the detailed invoice provided approximately three weeks after the services began. With respect to the delivery of "any tangible work product or case file," the Client Services Agreement does not expressly require such a delivery. Further, the Agreement expressly states "**NO report, evidence or work product of any kind will be furnished or released unless and until all outstanding invoices are paid in full**," which Butler failed to do. Thus, the second counterclaim for breach of contract is dismissed.

As to the third counterclaim for declaratory judgment, it is also duplicative of the breach of contract counterclaim (see *USRC Forest Hills, LLC v 68-60 Austin Street Realty Corp,* 232 AD3d 746 [2d Dept 2024]), and is dismissed.

As to the fourth counterclaim for an accounting, there was no fiduciary

[* 6]

relationship between the parties. Instead, the relationship was an arms-length transaction between a firm providing investigatory services for a fee and its client, merely a contractual relationship. It is well settled that parties engaged in an arms-length business transaction are not fiduciaries (*see OppenheimerFunds v TD Bank N.A.*, 2014 NY Slip Op 30379 [U] at * 11 [and cases cited therein]). In the absence of a fiduciary relationship, Butler has no cause of action for an accounting (*see Saunders v AOL Time Warner*, 18 AD3d 216, 217 [1st Dept 2005]; *JRAP Enters. v Zucaro Constr., LLC*, 2021 NY Misc. LEXIS 5145, *3-4 [Sup Ct, Suffolk County 2021]). Thus, the fourth counterclaim for an accounting is dismissed.

With respect to the sixth counterclaim for a breach of the duty of good faith and fair dealing, NGH's alleged conduct and Butler's purported damages are the same as those pleaded in Butler's breach of contract counterclaim. Therefore, the sixth counterclaim is duplicative of Butler's breach of contract counterclaim and is dismissed (*see Cortazar v Tomasino*, 150 AD3d 668, 670 [2d Dept 2017]).

Butler's seventh counterclaim alleges the intentional infliction of emotional distress. To state this claim, Butler must allege: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress (*see Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *Bernat v Williams*, 81 AD3d 679 [2d Dept 2011]). NGH argues that the conclusory allegations complained of by Butler fail to establish this claim. Further, NGH alleges that the conduct complained of, statements allegedly made by NGH's counsel at a preliminary conference, were privileged and, in any case, were not sufficiently outrageous or extreme to support a claim for intentional infliction of emotional distress. This Court agrees that, even if the statements were not privileged, the alleged conduct is not sufficiently outrageous or extreme in degree "as to exceed all bounds of decency" (*Fischer v Maloney*, 43 NY2d 553, 557 [1978]; *see also Howell v New York Post Co., supra*; *Doin v Dame*, 82 AD3d 1338 [3d Dept 2011]; *Burton v Matteliano*, 81 AD3d 1272 [4th Dept 2011]). Thus, the seventh counterclaim for the intentional infliction of emotional distress is dismissed.

For the foregoing reasons, Butler's motion for sanctions against NGH and dismissal of the complaint is hereby **DENIED**. NGH's cross-motion for summary

[* 7]

NGH GROUP v BUTLER                           ZUCKERMAN, J.
INDEX NO. 624032/2023                         PAGE 8

judgment in its favor and for dismissal of Butler's counterclaims is hereby
**GRANTED**.

This constitutes the decision and Order of the Court.

**Dated: September 18, 2025**

**HON. EVAN M. ZUCKERMAN**
**Acting Judge County Court**

**___X___ FINAL DISPOSITION**          **_____ NON-FINAL DISPOSITION**

[* 8]